■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD W. JOHNSON, JR., et al., Appellants.—Appeal from judgments of the County Court of Montgomery County, rendered July 28, 1976, upon a verdict convicting defendants of the crimes of assault in the third degree and criminal mischief in the third degree. The defendants, while traveling on a highway in a car driven by the defendant, Johnson, were stopped by a vehicle driven by Raymond Wickham and which had as a passenger Le Roy Wickham. While the prosecution witnesses had some variation in their testimony, issues of credibility were for the jury and the record contains proof beyond a reasonable doubt that the defendants individually and together while acting for the joint benefit of all of them caused physical injury to Le Roy Wickham and inflicted damage on the Wickham vehicle. While the record does not show that each individual defendant struck Le Roy or damaged the Wickham vehicle, the record establishes that all of the defendants were directly involved in the incident and not simply bystanders. In particular, the damage inflicted on the car by one of the defendants with a gun could be found by the jury to be simply a facet of the assault and as such was aided by the conduct of the other defendants in obtaining the gun and their actions toward Le Roy and Raymond. The contention of the defendants that the record does not contain proof beyond a reasonable doubt that acting in concert they assaulted Le Roy Wickham and/or caused damage to the Wickham vehicle must be rejected. The defendants contend that there were various legal errors in the admission of evidence; however, most of such alleged errors were not properly preserved by objection and exception for review (cf. *People v Robinson,* 36 NY2d 224). In any event, none of these errors whether considered individually or collectively, constitutes such prejudice as would warrant a conclusion that defendants did not receive a fair trial or that the issues would be prejudiced against the defendants by the jury. The record contains virtually overwhelming proof of guilt when compared with the defense of justification and, under such circumstances, the alleged legal errors would be insufficient, if errors, to require a new trial *(People v Crimmins,* 36 NY2d 230). However, in order to sustain a conviction of criminal mischief in the *third degree* there had to be proof beyond a reasonable doubt that the value of the car damaged by the

defendants exceeded $250 (Penal Law, § 145.05). In the present case the People produced testimony that the amount of damage exceeded $250. The proof, however, as to the value of the car being about $250 or more was not clearly that of an expert on such values and in this regard the defendants have established that the conviction of criminal mischief in the *third degree* was not supported by sufficient evidence. Since the record does establish that there was intentional damage to the vehicle, the conviction for criminal mischief must be modified by reducing the conviction to the lesser included crime of criminal mischief in the fourth degree (Penal Law, § 145.00). We have examined and reviewed the alleged errors as set forth in the various points of defendants' brief and, except as herein stated, find them to be without merit. Judgments convicting defendants of the crime of assault in the third degree affirmed. Judgments convicting defendants of the crime of criminal mischief in the third degree modified, on the law and the facts, by reducing them to a conviction of criminal mischief in the fourth degree; sentences imposed thereon vacated and matter remitted for resentencing. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.