613 P.2d 1288

○ The STATE of Arizona, Appellee,

v.

William GELDEN, Appellant.

No. 2 CA-CR 1942.

Court of Appeals of Arizona,
Division 2.

May 15, 1980.

Rehearing Denied June 18, 1980.

Review Denied July 1, 1980.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Cary Sandman, Tucson, for appellant.

OPINION

PER CURIAM.

Appellant pled guilty to burglary of an automobile and assault on a police officer. In exchange for the plea, two other charges were dismissed. He was sentenced to the custody of the Department of Corrections for two years on the burglary conviction and for one-half years on the assault conviction, the sentences to run concurrently. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but has raised no arguable issues. Appellant has not filed a brief in his own behalf.

The record demonstrates compliance with 17 A.R.S., Rules of Criminal Procedure, rule 17. The transcript of the change of plea hearing shows appellant was informed as to the consequences of his plea and a factual basis for it was established.

As the state in its answering brief points out, the sentencing presents the one debatable issue on appeal. The transcript of the sentencing hearing is silent as to any fine or "assessment" levied against appellant while the sentencing minute entry shows that appellant was also sentenced to "pay the sum of $542.20 to the state as reimbursement for the costs of extradition." Previously, in a similar situation, we gave the greater weight to the minute entry than to a conflicting, silent transcript. See, *State v. Rockerfeller*, 9 Ariz.App. 265, 451 P.2d 623 (1969), cert. den. 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199. Here, however, the minute entry has no effect since the court was without jurisdiction to order the recovery of the cost of extraditing appellant. Under A.R.S. Sec. 13–801, the court may levy fines as part of a criminal sentence. However, under A.R.S. Sec. 13–3864, the cost of extradition is to be borne by the county in which the offense was committed. We cannot read the sentencing as imposition of a fine. That portion of the sentencing minute entry is therefore vacated. In addition, the sentences are modified to show that appellant was ordered imprisoned, rather than ordered to the custody of the Department of Corrections.

We have reviewed the entire record for fundamental error and have found none. The judgments of conviction are affirmed and the sentences are vacated in part and modified in part.