636 P.2d 1234

**The STATE of Arizona, Appellee,**

v.

**Matthew BALSAM, Appellant.**

**No. 2 CA–CR 2337.**

Court of Appeals of Arizona, Division 2.

Sept. 16, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 1, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Pursuant to a plea agreement, appellant pled guilty to unlawful use of a means of transportation, in violation of A.R.S. § 13–1803 (an open-ended offense). He was placed on probation for three years upon several terms and conditions. One condition was that he reimburse the state for extradition costs in the amount of $853, to be paid within two years with the monthly payment schedule to be set by the probation department. Appellant challenges the trial court's authority to impose this condition of reimbursement. We find no merit in his position.

A.R.S. § 13–901(A), as amended, authorizes probation "upon such terms and conditions as the court deems appropriate." Certain conditions are mandatory—waiver of extradition for probation revocation procedures and restitution when there is a victim who has suffered economic loss. We agree with appellant that the required reimbursement is neither a defense cost nor a fine. We also agree with him that the $853 was a prosecution cost, the sum expended to send a deputy sheriff to Ohio, where appellant was arrested, and bring him back to Arizona for prosecution. Appellant's waiver of extradition did not obliterate this expense.

Appellate courts do not interfere with the trial court's discretionary authority to impose conditions of probation unless the conditions violate fundamental rights or bear no relationship whatever to the purpose of probation over incarceration. *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977); *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (App.1978). We believe that making appellant pay the $853 as a condition of probation may serve a useful pur-pose in his rehabilitation. The presentence report indicates that appellant has the inherent ability and resources to become a productive member of society but needs to take some responsibility for changing his behavior. An effective way to awaken appellant's sense of social responsibility and aid in his rehabilitation is to require him to repay the costs society has incurred as a result of his misconduct. Since the reimbursement imposed as a condition of probation was clearly related to appellant's prosecution, it was not an unreasonable condition. See *State v. Smith*, 118 Ariz. 345, 576 P.2d 533 (App.1978). Appellant's reliance on *State v. Gelden*, 126 Ariz. 232, 613 P.2d 1288 (App.1980) is misplaced. *Gelden* involved reimbursement of extradition costs not as a condition of probation but as part of a sentence.

We note parenthetically that appellant did not object below to the condition of probation. He could have rejected the terms of probation if he found them too harsh and asked to be incarcerated instead. *State v. Davis*, 119 Ariz. 140, 579 P.2d 1110 (App.1978).

We reject appellant's claims of unconstitutionality. Should he become unable to pay through no fault of his own, he can seek modification of the condition. A.R.S. § 13–901(C), as amended; 17 A.R.S., Rules of Criminal Procedure, rule 27.2. Or if violation of the condition is the basis for a petition to revoke probation, appellant can show such inability to pay as an excuse for the violation. Although at the time of sentencing appellant was considered indigent, the record reflects that he was employed and was skilled as a typographer. The court therefore did not abuse its discretion, as appellant had the potential for earning an adequate income. His contention that the probation condition violated the Arizona constitutional prohibition against imprisonment for debt is without substance. Any imprisonment would be for the original conviction; the only consequence of the violation would be the revocation of probation.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.