THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH HALL-WILSON, Appellant.—Judgment unanimously modified, on the law, by vacating the sentence imposed and otherwise judgment affirmed and matter remitted to Genesee County Court for further proceedings, in accordance with the following memorandum: Defendant confessed to an arson at Trojan Industries where she was assigned by her employer, Burns International Security Services, Inc., to provide plant security. Following her conviction the court on sentencing erred in imposing as a condition of probation that she make reparation in the amount of $9,200 to her employer, which had reimbursed Trojan Industries for its damages resulting from the arson.

Penal Law § 65.10 (2) (g) authorizes a court imposing a sentence of probation to "require that the defendant * * * (g) Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby." In our view the Legislature intended to permit restitution or reparation only to the victims of the crime. This interpretation is borne out by the legislative history of Penal Law § 65.10 and is further supported by comparison of that section with the provisions of Penal Law § 60.27 (added L 1980, ch 290), which expands the court's authority on sentencing to order restitution and reparation "to the victim of the crime" (Penal Law § 60.27 [1]). Former Code of Criminal Procedure § 932 (j), the direct antecedent of Penal Law § 65.10 (2) (g), provided that reparation or restitution be made to "aggrieved parties", a term which still appears in the Federal probation statute (18 USC § 3651). This term has been construed as restricting restitution and reparation "to the direct victim of a crime, and not to other persons who suffer loss because of the victim's death or injury" *(State v Stalheim,* 275 Ore 683, 688, 552 P2d 829, 832; *see also, United States v Prescon Corp.,* 695 F2d 1236, 1243; *cf. People v Funk,* 117 Misc 778). The reference to "aggrieved parties" was eliminated when the Penal Law was revised and recodified in 1965 (L 1965, ch 1030); however, the legislative history reveals an intent that this condition of probation would remain the same under the revised Penal Law (S3918, 1964 Legislative Session, Proposed New York Penal Law drafted and recommended by Temporary State Commn on Revision of Penal Law and Criminal Code, Commn Staff Notes, at 267).

Contrary to the sentencing court's conclusions, defendant's employer was not a victim of the crime within the meaning of section 65.10 (2). The fact that it indemnified the direct victim for its loss, for whatever reason, does not make the employer a victim of defendant's offense. Restitution or reparation may not be utilized as a means to recover civil damages in a criminal action *(Matter of Feldman v Reeves,* 45 AD2d 90, 92, *appeal dismissed* 35 NY2d 707). However, the requirement of reparation as a criminal sanction does not deprive any injured party of its right to bring a civil action, although where reparation has been imposed any amount paid may be set off against the civil liability *(see, A. v B.,* 121 Misc 2d 750, 752; Ann., 79 ALR3d 976, § 10, at 992). We vacate this condition of probation and on remittitur the sentencing court may appropriately exercise its discretion to order reparation in accordance herewith. We have examined the other issues raised by

defendant and find them to be without merit. (Appeal from judgment of Genesee County Court, Morton, J.—criminal mischief, third degree, and attempted arson, fourth degree.) Present—Dillon, P. J., Callahan, Doerr, Pine and Schnepp, JJ.