■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CERULLI, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 8, 1983, convicting him, after a hearing, of a violation of probation upon his conviction of burglary in the third degree, and imposing sentence.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CHERY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J., at trial; Capilli, J., at sentence), rendered November 4, 1985, convicting him of criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

A review of the record reveals that the People established defendant's guilt of every element of criminal mischief in the third degree (Penal Law § 145.05) beyond a reasonable doubt. The proof adduced of property damage to the subject vehicle "in an amount exceeding two hundred fifty dollars", as required by Penal Law § 145.05 was sufficient (see, People v James, 111 AD2d 254; People v Schroeder, 104 AD2d 1055; People v Supino, 64 AD2d 720; People v Gaul, 22 AD2d 805; cf. People v Johnson, 58 AD2d 662). It was not an abuse of discretion to require that a portion of the restitution be paid to the victim's insurance carrier. The carrier reimbursed the victim for the damage to her car and was, therefore, a "victim" under Penal Law § 60.27 (1) and § 65.10 (2) (g) (see generally, United States v Durham, 755 F2d 511; United States v Florence, 741 F2d 1066; State of Utah v Stayer, 706 P2d 611 [Utah]; State v Merrill, 136 Ariz 300, 665 P2d 1022; cf. People v Hall-Wilson, 119 AD2d 999).

Finally, the sentence imposed was not excessive. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.