870 P.2d 1163

**In the Matter of the ESTATE OF Giovanni VIGLIOTTO, Deceased.**

**No. 2 CA–CV 93–0025.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 28, 1993.

Review Denied April 19, 1994.

Russell S. Olds, Phoenix, for appellant.

Richard Romley, Maricopa Co. Atty. by Sydney K. Davis, Phoenix, for appellee.

FERNANDEZ, Judge.

**OPINION**

The only issue in this case is whether the trial court correctly allowed the claim of the State of Arizona for restitution against the estate of Giovanni Vigliotto. We conclude it did and affirm.

Giovanni Vigliotto was convicted of violating A.R.S. §§ 13–2310 and 13–3606 and judgment was entered against him on March 28, 1983. He was sentenced to an aggravated prison term of 34 years. While he was serv-

ing his sentence at the Arizona Department of Corrections (DOC), Vigliotto's funds were held in his inmate trust account. Seeking those funds for the victim, the Maricopa County Attorney filed a writ of garnishment against DOC to collect the judgment debt in the total amount of $336,000 without any notice to Vigliotto. DOC held the funds in the inmate trust account subject to the writ.

Vigliotto objected and, after a hearing, the trial court quashed the writ and ordered DOC to continue to hold the funds. The state appealed and Division One of this court affirmed in *State v. Peruskov*, 166 Ariz. 28, 800 P.2d 15 (App.1990). However, contrary to the court's order to hold the funds, DOC disbursed funds from Vigliotto's inmate trust account to the clerk of the superior court, and part of the funds were sent to the victim. Vigliotto filed an emergency motion to stay the clerk's action. The state and DOC responded that DOC was not acting under the garnishment when it disbursed the funds, but under a restitution lien the Maricopa County Attorney had filed in accordance with A.R.S. § 13-806. The court concluded that the payment to the victim was proper.

Vigliotto (decedent) appealed and Division One of this court, in *State v. O'Connor*, 171 Ariz. 19, 827 P.2d 480 (App.1992),[1] held that 1) the trial court had jurisdiction to enter orders concerning excess funds not subject to garnishment after notice of appeal; 2) application of the restitution lien statute to decedent did not violate an ex post facto prohibition; 3) filing of the restitution lien without actual notice to decedent did not violate due process; and 4) decedent was deprived of due process when, without notice or hearing, DOC disbursed money from his inmate trust account to the victim. The court ordered DOC to replace the funds. The Maricopa County Attorney filed a timely claim with Patricia M. O'Connor as personal representative of the decedent's estate. She disallowed the claim pursuant to A.R.S. § 14-3806(B). After a hearing, the court allowed the claim and this appeal followed.

**1.** Vigliotto died during the pendency of that appeal and his personal representative, O'Connor,

Appellant asserts that an order of restitution could only have been made under A.R.S. § 13-603 and, because no such order was made, there is no valid restitution claim. In a related argument, appellant contends that the amount the sentencing court referred to as restitution was in actuality a fine which abated upon decedent's death. These issues raise questions of law which we review *de novo*. *Tovrea Land & Cattle Co. v. Linsenmayer*, 100 Ariz. 107, 412 P.2d 47 (1966).

As appellee correctly points out, at the time the decedent was sentenced, there was no provision for a restitution order under § 13-603 unless the defendant was placed on probation. *See* former A.R.S. § 13-603(C). We note that § 13-603 was amended by 1983 Ariz.Sess.Laws, ch. 123, § 1, effective July 27, 1983, with the addition of a new paragraph C:

C. If a person is convicted of an offense, the court shall require the convicted person to make restitution to the victim of the crime or to the immediate family of the victim if the victim has died, in such an amount and manner as the court may order after consideration of the economic loss to the victim and economic circumstances of the convicted person.

At the time the decedent was sentenced, the dispositional alternatives available to the court for a defendant not placed on probation or whose probation had been revoked included imprisonment, a fine authorized by chapter 8, or both imprisonment and a fine.

While § 13-603 did not provide the court with authority to order an imprisoned defendant to pay restitution, such authority was provided in § 13-803(A), which stated in pertinent part as follows:

A. Upon a defendant's conviction for an offense resulting in the death, physical injury or economic loss of the victim, the court may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant.

was substituted.

When it sentenced decedent, the trial court stated as follows:

IT IS THE JUDGMENT of the Court that the defendant is guilty of the crime of Ct. # 1, Fraudulent Schemes and Artifices, Cl. 2 felony in violation of A.R.S. 13–2310, 701, 702, 801; and Ct. # 2, Bigamy, ... in violation of A.R.S. 13–3606, 701, 702, 801....

FURTHER ORDERED AS TO COUNT ONE: Assessing a fine payable to the Clerk of the Superior Court of Maricopa County in the amount of $150,000. plus surcharges of $15,000. and $3,000. for a total fine and surcharge of $168,000, of which the sum of $42,739.09 is allocated as restitution payable as set forth in the Ledger Request Sheet.

FURTHER ORDERED AS TO COUNT TWO: Assessing a fine payable to the Clerk of the Superior Court of Maricopa County in the amount of $150,000. plus surcharges of $15,000. and $3,000. for a total fine and surcharge of $168,000.

Although the court referred to § 13–801, it also used the language of former § 13–803(A). Therefore, we conclude that the trial court was authorized to enter an order of restitution.

 That restitution was to be paid as an allocated portion of what was called a fine does not change its nature. Restitution is defined in Black's Law Dictionary 682 (5th ed. 1983) as "restoration of anything to its rightful owner." Restitution is not punishment. *State v. Freeman*, 174 Ariz. 303, 848 P.2d 882 (Ct.App.1993). Its purpose is to make the victim whole, not to punish. *State v. Howard*, 163 Ariz. 47, 785 P.2d 1235 (App. 1989); *see also State v. Iniguez*, 169 Ariz. 533, 821 P.2d 194 (App.1991); *State v. Fancher*, 169 Ariz. 266, 818 P.2d 251 (App. 1991).

 We next consider whether a restitution order, albeit one that is an allocated portion of a fine, survives a defendant's death. We believe such a restitution order does survive, even when it is an allocated portion of a "fine."[2] As appellant correctly states, a criminal action abates upon the death of the defendant, *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979), and, unlike in civil actions, the death of a defendant abates any penalty. *United States v. Morton*, 635 F.2d 723 (8th Cir.1980). *See also United States v. Moehlenkamp*, 557 F.2d 126 (7th Cir.1977); *United States v. Fairfield*, 526 F.2d 8 (8th Cir.1975); *State v. Griffin, supra.* The portion at issue here was restitution. We find the decision in *United States v. Dudley*, 739 F.2d 175 (4th Cir.1984) enlightening. In holding that the government's claim for restitution survived the defendant's death, the court stated:

It is an old and respected doctrine of the common law that a rule ceases to apply when the reason for its [sic] dissipates.... Under 18 U.S.C. § 3579, an order of restitution, even if in some respects penal, also, has the predominantly compensatory purpose of reducing the adverse impact on the victim.... § 3579(h) explicitly provides that 'An order of restitution may be enforced by the United States or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.'

*Id.* at 177. *See also* Restatement of Restitution § 149 (1936) (a cause of action for restitution does not terminate at death).

We believe that our conclusion that such an order does survive is consistent with the intent of our legislature. While recognizing that an ordered fine creates a lien similar to a money judgment in a civil action, A.R.S. § 13–801(B), the legislature went a step further and specifically created a restitution lien, adding new § 13–806 by 1986 Ariz.Sess. Laws, ch. 248, § 7. This statutory lien exists whether the restitution is ordered under § 13–603 or § 13–804. We believe such deliberate legislative action, coupled with consistent interpretation of restitution as having a compensatory purpose to the victim, *State v. Freeman, supra; State v. Howard, supra; State v. Iniguez, supra,* compels the conclusion that a restitution claim which is based

---

**2.** Under the current statutory scheme, restitution may be ordered under either § 13–603(C) or § 13–804(A). The language in § 13–804(A) is the same as that in the former § 13–803(A) allowing the court to order that all or any portion of a fine imposed be allocated as restitution.

**70**

on an allocated portion of a fine does not abate upon a defendant's death.

The trial court's allowance of the state's claim for restitution against the estate of Giovanni Vigliotto on behalf of the victim is affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.