NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Estate of:

JEANNE MARIE KAFOURY-HOBBS, *deceased.*

GREGORY C. HOBBS, et al., *Petitioners/Appellants,*

*v.*

STATE OF ARIZONA, et al., *Respondents/Claimants/Appellees.*

No. 1 CA-CV 16-0606
FILED 9-28-2017

Appeal from the Superior Court in Maricopa County
No. PB2015-051037
The Honorable Andrew J. Russell, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Becker & House PLLC, Scottsdale
By Mark E. House, Allison E. Evans
*Counsel for Petitioners/Appellants*

Maricopa County Attorney's Office, Phoenix
By Davina Bressler
*Counsel for Respondents/Claimants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

¶1 Gregory C. Hobbs, as personal representative, appeals the probate court's order allowing a creditor's claim against the estate of his late wife, Jeanne Marie Kafoury-Hobbs ("Decedent"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In October 2009, Decedent was involved in a one-vehicle accident that injured two pedestrians ("Victims"). Decedent, who was under the influence of narcotic drugs, was criminally charged.

¶3 In August 2011, Decedent pled guilty to three felony offenses. As relevant here, the plea agreement provided that Decedent would pay restitution "for all economic loss to all victims" in the amount of $300,000. In November 2011, Decedent was sentenced to five years of probation and ordered to pay $300,000 in restitution. Decedent did not appeal. *See* Ariz. R. Crim. P. 32. Later, Decedent moved to clarify the restitution order, explaining that her insurance company had already paid $937,500 to the Victims to settle all claims arising out of the accident, including claims for economic loss. After oral argument, the criminal court affirmed the restitution order, finding "the hospital lien was to be paid by the restitution that was ordered in this case." Again, Decedent did not appeal. *See id.*

¶4 Decedent passed away in February 2015. The criminal court terminated her probation and entered a criminal restitution order ("CRO") in the amount of $294,516.[1] *See* Ariz. Rev. Stat. ("A.R.S.") § 13-805.

---

[1] At sentencing, Decedent was ordered to pay $200 per month beginning on a date to be determined. The restitution ledger is not part of the probate court record.

¶5 In June 2015, the State of Arizona served a creditor's notice of claim against Decedent's estate. Hobbs disallowed the request, asserting the settlement more than satisfied the award of restitution. The probate court granted the State's request concluding "the restitution order remains a valid claim against the Decedent's estate." Hobbs timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(9).

## DISCUSSION

¶6 Hobbs argues the probate court erred by allowing the claim against the estate. We review the probate court's legal conclusions de novo. *In re Estate of Newman*, 219 Ariz. 260, 265, ¶ 13 (App. 2008). We accept the court's findings of fact unless they are "clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of witnesses." *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000). A finding of fact is not clearly erroneous if substantial evidence supports it. *Castro v. Ballesteros–Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009). We may affirm for any reason supported by the record. *See Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 4 (App. 2013).

¶7 Because the restitution order survived Decedent's death, the probate court properly allowed the claim. *See Matter of Estate of Vigliotto*, 178 Ariz. 67, 69-70 (App. 1993). Decedent did not challenge the restitution order by way of a Rule 32 post-conviction relief proceeding, *see Hoffman v. Chandler ex rel. Cty. of Pima*, 231 Ariz. 362, 366, ¶ 19 (2013), and Hobbs offers no persuasive explanation why he may bring a backhanded challenge in probate court. *See Ader v. Estate of Felger*, 240 Ariz. 32, 39, ¶ 22 (App. 2016) (a personal representative acts on behalf of an estate, which is "a collection of the decedent's assets and liabilities"); *State v. Shrum*, 220 Ariz. 115, 118, ¶ 11 (2009) (with few exceptions, Rule 32 was meant to consolidate most avenues of post-conviction relief "into a single comprehensive remedy"); *see also Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994) (reaffirming the well-established principle that civil suits "are not appropriate vehicles for challenging the validity of outstanding criminal judgments").

¶8 Moreover, the criminal court specifically addressed the underlying issue on appeal, *i.e.*, whether the settlement fully compensated the Victims for their economic loss. *See State v. Iniguez*, 169 Ariz. 533, 537-38 (App. 1991) (explaining that restitution may not exceed the victim's economic loss after crediting payments from a civil settlement); *see also In re William L., III*, 211 Ariz. 236, 239, ¶ 12 (App. 2005). The criminal court affirmed the restitution order on the basis that "the hospital lien was to be paid by the restitution."

**CONCLUSION**

¶9        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA