NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

HEIDI LYNN MOORE, *Petitioner.*

No. 1 CA-CR 23-0494 PRPC
FILED 07-09-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2019-116389-001
The Honorable Therese Ann Gantz, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Bradley F. Perry
*Counsel for Respondent*

Apfel Law Group, Phoenix
By Seth Apfel
*Counsel for Petitioner*

MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

**M c M U R D I E**, Judge:

¶1          Heidi Moore petitions for review of the superior court's order dismissing her post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. Moore argues that the extradition costs imposed against her are an illegally excessive fine under the Eighth Amendment and its Arizona counterpart. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In September 2019, Moore pled guilty to possession of narcotic drugs for sale, a Class 2 non-dangerous felony. The superior court suspended her sentence and placed her on three years of probation, with the condition that she serve 12 months in the county jail. In May 2020, Moore moved for jail modification because of the COVID-19 pandemic. The superior court granted the motion and ordered that the jail sentence be deferred until January 2021 if she was placed in a particular treatment program.

¶3          In September 2020, the FBI arrested Moore for conspiracy to distribute methamphetamine and heroin.[1] After, the State petitioned to revoke Moore's probation based on the alleged federal offense and other probation term noncompliance. In November 2022, the State petitioned for a writ of *habeas corpus ad prosequendum* to extradite Moore to Arizona for her initial appearance because she was in federal custody in Florida. The superior court granted the writ. The next month, Moore petitioned for revocation of her probation and stated that she agreed to "authorize[] a Waiver of Appearance due to COVID-19 restrictions" and to "[r]evoke any remaining balance of probation" and asked that the sentence run concurrently with her federal sentence.

---

[1]          In 2022, Moore pled guilty to a lesser-included conspiracy to distribute offense and was sentenced to 60 months' imprisonment.

**¶4**        Shortly after, two Maricopa County Sheriff's Office deputies flew to Florida to bring Moore to Arizona. The deputies bought flights, rented a car, and stayed in a hotel. After personnel costs, the Sheriff's Office spent about $7,974.

**¶5**        In January 2023, Moore appeared for a probation revocation arraignment. Moore denied the alleged probation violations, and the court scheduled a violation hearing. At the hearing, Moore rejected probation, and the court sentenced her to three years' imprisonment with 490 days of presentence credit for time served.[2] The court also ordered briefing on the extradition costs.

**¶6**        Moore objected to the imposition of extradition costs. Her objection stated that the State cannot seek reimbursement of extradition costs as restitution. Instead, she argued the costs can only be imposed as a fine. And she argued that such a fine would be impermissibly excessive under state and federal law. The court disagreed and ordered Moore to reimburse the State for its extradition expenses under A.R.S. § 13-3870.02 and found that the amount was neither a fine nor restitution.

**¶7**        In July 2023, Moore filed a PCR petition under Rules 33.1(a) and 33.1(c) and contested the extradition costs. The superior court summarily dismissed the PCR petition. Moore petitioned for this court's review, and we have jurisdiction under A.R.S. § 13-4239(C) and Rule 33.16(a)(1).

## DISCUSSION

**¶8**        We review the superior court's decision to deny post-conviction relief for abuse of discretion, and we will affirm the

---

[2]        We note that the superior court erred by giving presentence credit for some of her time spent in federal custody in 2022. To obtain presentence incarceration credit, "a defendant must show that the Arizona charge was a 'but for cause' of his or her out-of-state presentence incarceration." *State v. Cecena*, 235 Ariz. 623, 626, ¶ 10 (App. 2014) (citation and internal quotations omitted). Regardless of Moore's state charge, Moore was in federal custody for a federal charge. Moore was not in custody for her Arizona charge until she was released into state custody on December 28, 2022. Thus, the court erred in its calculation. *See id.* But because the State did not raise the challenge, we will not modify the illegal sentence. *See State v. Dawson*, 164 Ariz. 278, 281-82 (1990).

decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015). We defer to the superior court's factual findings unless clearly erroneous and review the court's legal conclusions *de novo. State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007); *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). We also review questions of statutory interpretation *de novo* and "interpret statutes to give effect to the legislature's intent." *Kent K. v. Bobby M.*, 210 Ariz. 279, 282, 283, ¶¶ 8, n.6, 14 (2005).

**¶9**        Moore petitions for relief under Rules 33.1(a) and 33.1(c). Rule 33.1(a) provides for post-conviction relief when "the defendant's . . . sentence was imposed . . . in violation of the United States or Arizona constitutions." Similarly, Rule 33.1(c) provides a defendant relief when "the sentence as imposed is not authorized by law or by the plea agreement." Moore argues that she is entitled to relief under both grounds because the extradition costs imposed against her are part of her sentence and constitute an illegally excessive fine. *See* U.S. Const. amend. VIII; Ariz. Const. art. 2, § 15 (constitutional prohibitions on excessive fines).

**A.     The Extradition Costs Are Not a Fine Contemplated by The Excessive Fines Clause.**

**¶10**        Moore contests the extradition costs in her sentence and asserts that, under *State v. Maupin*, the court can impose extradition costs only as a fine, not as restitution. *See* 166 Ariz. 250 (App. 1990). Viewing the extradition costs as a fine under *Maupin*, Moore contends that the fine is excessive and thus the sentence is illegal.

**¶11**        In the State's response to Moore's PCR petition below,[3] the State argued that Moore misread *Maupin* to prevent the State's recovery of extradition costs through restitution. The State asserted that *Maupin* and A.R.S. § 13-3870.02 allowed the superior court to order a defendant to reimburse the State for its extradition costs and that such an order is not a fine and thus does not trigger the Excessive Fines Clause in the United States or Arizona constitutions.

---

[3]     The State filed a Notice of Acknowledgment with this court stating that it did not intend to respond to the petition for review because Moore's argument "is the same as the argument she advanced below." So when referencing the State's argument, we use the State's argument advanced below.

**¶12**         We agree with the State's interpretation of *Maupin* and A.R.S. § 13-3870.02. In 1990, this court held in *Maupin* that "a trial court has authority, pursuant to A.R.S. § 13-804, to order a defendant, as part of a sentence, to pay the costs of extradition." 166 Ariz. at 253. And Section 13-804 states in part, "On a defendant's conviction for an offense causing economic loss to any person, the court, in its sole discretion, may order that all or any portion of the fine imposed *be allocated as restitution* to be paid by the defendant." A.R.S. § 13-804(A) (emphasis added). To be sure, the statute does seem to conflate a fine and restitution when it refers to a "fine . . . allocated as restitution." *See id. Maupin* commented that "the technical letter of A.R.S. § 13-804(A)" requires the court to "designate appellant's extradition costs as a fine." *Maupin*, 166 Ariz. at 253. But the court considered that distinction irrelevant to whether a court has jurisdiction to order extradition costs as part of a sentence. *Id. Maupin* does not prohibit the superior court from imposing extradition costs as restitution. *See id.*

**¶13**         And in 2004, the legislature eliminated semantic confusion by enacting A.R.S. § 13-3870.02, which authorizes the State to recover extradition costs from the defendant and omits the terms "fine" and "restitution." *See* A.R.S. § 13-3870.02. The statute provides, "On conviction of the crime that caused a person to be extradited to this state, the state or political subdivision, either jointly or severally, may recover from the convicted person the actual expenses incurred by the extraditing agency." *Id.*

**¶14**         Extradition costs under the statute are a form of restitution. *See* A.R.S. § 13-3870.02. Restitution seeks to make a person whole, not to inflict punishment. *See In re Estate of Vigliotto*, 178 Ariz. 67, 69 (App. 1993); *see also State v. Zaputil*, 220 Ariz. 425, 428, ¶ 11 (App. 2008). On the other hand, a fine "is a pecuniary punishment and a sanction." *State v. Russo*, 219 Ariz. 223, 227, ¶ 15 (App. 2008). Here, the extradition costs statute concerns the State's ability to "recover . . . actual expenses." A.R.S. § 13-3870.02. Thus, the statute intends to make the State whole, not punish the defendant. *Compare Vigliotto*, 178 Ariz. at 69 (restitution's purpose), *with Russo*, 219 Ariz. at 227, ¶ 15 (a fine's purpose).

**¶15**         Neither the Eighth Amendment nor Article 2, Section 15 of the Arizona Constitution contemplates Section 13-3870.02's reimbursement scheme. Those constitutional provisions instruct that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *See* U.S. Const. amend. VIII; Ariz. Const. art. 2, § 15. An excessive fine is "one that exceeds reasonable, usual, proper, or just

punishment." *State v. Wise*, 164 Ariz. 574, 576 (App. 1990). The clause thus contemplates payments ordered as punishment, which again is not the type of payment permitted by Section 13-3870.02. As a result, the extradition costs in Moore's sentence do not implicate the Excessive Fines Clause. *See* U.S. Const. amend. VIII; Ariz. Const. art. 2, § 15.

**B.     The Extradition Costs Do Not Violate the Excessive Fines Clause.**

**¶16**         Even if we were to consider the extradition costs a fine that triggers the Excessive Fines Clause, the costs are not excessive. *See* U.S. Const. amend. VIII; Ariz. Const. art. 2, § 15. Moore argues that the extradition costs are excessive because she did not leave Arizona voluntarily, waived her appearance at the probation revocation proceedings, cannot pay, and the extradition costs were incurred unnecessarily. We disagree.

**¶17**         An excessive fine is "one that exceeds reasonable, usual, proper, or just punishment" or "is so disproportionate to the offense that it shocks public sentiment and affronts the [judgment] of reasonable people." *Wise*, 164 Ariz. at 576. Here, the superior court considered the State's list that itemized its travel expenses and personnel costs. Reasonable record evidence supports that the $7,974 imposed against Moore was the actual cost to bring Moore from Florida to Arizona. Reimbursement for actual costs expended is precisely what the extradition statute allows. *See* A.R.S. § 13-3870.02 ("[T]he state . . . may recover . . . the actual expenses incurred by the extraditing agency.").

**¶18**         Still, we address briefly each of Moore's arguments about why the costs are excessive. First, Moore claims they are excessive because she did not leave Arizona voluntarily. But the State's right to reimbursement does not depend on whether the defendant left the state voluntarily. *See* A.R.S. § 13-3870.02. We decline to add a voluntariness consideration to the extradition statute. Second, Moore argues that she should not be ordered to pay the extradition costs when she agreed to waive her appearance at the relevant proceedings. But a defendant's desire to waive her appearance does not necessarily mean she may do so. *See State v. Fettis*, 136 Ariz. 58, 59 (1983) ("[T]he defendant must be present at his sentencing except in extraordinary circumstances[.]"). Third, she contends that the costs are excessive because she cannot pay them. Although the defendant's ability to pay is a factor in determining whether a fine is excessive, it is not dispositive. *Wise*, 164 Ariz. at 576. And we cannot say that $7,974 to extradite a defendant across the country "shocks public sentiment and affronts the [judgment] of reasonable people." *See id.*

**¶19**         Moore also argues that the costs the State incurred to extradite her were unnecessary.[4] For example, she claims there was no showing that the extradition required two deputies instead of one. We agree with Moore that, depending on the facts, certain incurred costs might be unreasonable. But the superior court considered Moore's objection before imposing the costs. Thus, we assume the superior court found the costs reasonable and defer to its finding. *See Swoopes*, 216 Ariz. at 393, ¶ 4.

**¶20**         Because the imposition of extradition costs against Moore does not render her sentence unconstitutional or illegal, the superior court did not abuse its discretion by dismissing Moore's PCR petition. *See* Ariz. R. Crim. P. 33.1(a), (c).

**CONCLUSION**

**¶21**         We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

---

[4]      Moore argues in part that the costs are excessive because the probation revocation petition was "factually invalid" and effectively "for a single failed drug test." She claims that "the imposition of an $8,000 fine is grossly excessive when considered in this context." But the petition's validity is outside the scope of this PCR review. *See* Ariz. R. Crim. P. 33.1(a), (c). The superior court granted the extradition writ, so the State could extradite Moore. We thus consider only the legality of the costs imposed against Moore.