[No. 946-1.    Division One—Panel 1.    July 24, 1972.]

GENERAL INSURANCE COMPANY OF AMERICA, *Respondent,* v.
ELSPETH S. DYER, *Appellant.*

*Alfred McBee,* for appellant.

*Zylstra & Pitt* and *Ted D. Zylstra,* for respondent.

*Slade Gorton, Attorney General,* and *Donald Foss, Jr., Assistant,* amici curiae.

WILLIAMS, J.—This action was brought by a surety against its principal to recover for payments made on the surety bond. The trial was to the court, without a jury, and resulted in a judgment in favor of the surety. The principal has appealed.

The facts essential to be stated are these: Elspeth S. Dyer was elected treasurer of the town of Oak Harbor. Her fiduciary bond was written by General Insurance Company of America. During her tenure in office, she embezzled from the town. The defalcation was discovered during the course of an audit conducted by the state auditor as required by RCW 43.09.260. Ms. Dyer promptly admitted that she had taken $12,153.64, repaid that sum, and thereafter pleaded guilty to the criminal charge brought against her.

The state auditor then conducted an additional audit, which verified that the admitted amount was correct. Pursuant to RCW 43.09.280, he then billed the Town of Oak Harbor for $1,068.34, which was the expense of the additional audit. After the city paid this sum to the state, General Insurance Company of America, upon demand, reimbursed the town and sued Ms. Dyer. The court entered judgment against Ms. Dyer in this amount, $400 as a reasonable attorney's expense, and $54 for a reasonable fee for the examiner for his appearance at the trial—a total of $1,522.34.

Ms. Dyer's assignments of error, in essence, challenge the findings of the trial court that the embezzlement made the additional audit necessary and that as a direct and proximate result of this embezzlement the town sustained damages for the cost of the additional audit and for the expenses of trial. She contends the damage to the town was the loss of the amount taken, only, and that when reimbursement was made, her obligation and that of her surety was discharged. The payment by the surety was therefore a voluntary payment for which she is not responsible.

■■ If the only damage which the town sustained by the tortious act of Ms. Dyer was the loss of the money taken, its return would satisfy her obligation and that of her surety. Costs attributable to the investigation, verification and prosecution of a tort claim are not recoverable. *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 390 P.2d 976 (1964); *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 111 P.2d 612 (1941).

There was other damage, however; the integrity of the financial records of the town was destroyed by the embezzlement. According to the evidence, even though Ms. Dyer returned the sum of money which she said she had taken, the records were still unreliable because there was no way of knowing, without a complete audit, whether her acknowledgment was accurate. The employee who made the additional audit testified that it was the first time within his experience that a person who had misappropriated

funds reported a precise amount taken. The rehabilitation of the records was accomplished by the additional audit, and the cost of it is compensable. *Alexander v. Maine Bonding & Cas. Co.,* 274 A.2d 439 (Me. 1971); *Totowa v. American Sur. Co.,* 39 N.J. 332, 188 A.2d 586 (1963); *Edmunds-Bouvier Sav. & Loan Ass'n v. New Amsterdam Cas. Co.,* 389 Pa. 79, 132 A.2d 181 (1957).

Ms. Dyer also contends that she should not be required to pay for the additional audit because RCW 43.09.280 specifies that the expense of auditing public accounts is to be borne by the audited entity, and does not provide for payment by an embezzler. We do not believe that the requirement that the Town of Oak Harbor pay the state for the cost of the audit of its records in any way relieves Ms. Dyer from her obligation to pay for the direct and proximate result of her tortious acts.

This being a tort action, there is no statutory authority for the award of a $400 attorney fee and a $54 witness fee. *Armstrong Constr. Co. v. Thomson, supra; State ex rel. Macri v. Bremerton, supra.* These will be disallowed. As so modified, the judgment is affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.