**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Brent LEMONS, Defendant–Appellant.**

**No. 89CA1849.**

Colorado Court of Appeals,
Div. II.

Aug. 1, 1991.

Rehearing Denied Sept. 12, 1991.

Certiorari Denied Jan. 27, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Patrick J. Mulligan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Brent Lemons, appeals the judgment of conviction entered on a jury verdict finding him guilty of felony theft and the corresponding order of the trial court requiring him to pay, as a condition of parole, restitution to the police department. We affirm the judgment of conviction, but vacate the order of restitution and remand with directions.

Defendant was charged with one count of felony theft. Prior to trial, he filed a motion to suppress evidence of a prior felony conviction. The trial court reserved ruling on the motion until trial. Immediately before trial, the motion was denied, and the prosecutor was allowed to impeach defendant's credibility with evidence of a prior felony conviction.

The jury found defendant guilty, and he was sentenced to the Department of Corrections for a term of four years. The trial court also ordered defendant to pay, as a condition of parole, $1,205.42 restitution to the police department.

## I.

Defendant contends that the trial court erred in allowing the prosecutor to impeach his credibility with a prior felony conviction because the prosecutor failed to provide him with transcripts of the providency hearing in which he pled guilty. We disagree.

To warrant the suppression of a prior conviction, the accused must make a prima facie showing of a constitutional violation, and the mere showing of uncertainty as to whether a violation has occurred is insufficient. *People v. Romero*, 767 P.2d 782 (Colo.App.1988).

Here, defense counsel offered no evidence to show that defendant's prior felony conviction was unconstitutionally obtained. Instead, defense counsel argued that evidence of prior convictions should not be admitted because defendant was prevented from presenting a prima facie case. Defendant argued that the prosecutor's failure to produce the transcripts from a foreign state providency hearing required a suppression of the conviction that resulted from the hearing. The prosecutor, however, indicated that he had made every effort to obtain the transcripts, but he was unsuccessful.

When the transcripts were not produced, defendant admittedly had the option to request a continuance until the transcripts were made available. Defendant's failure to request a continuance discredits any claim of prejudice. *See generally People v. Wieghard*, 727 P.2d 383 (Colo.App.1986).

Thus, in the absence of any evidence from defendant to establish that his prior guilty plea was unconstitutionally obtained and in light of his failure to request a continuance, the trial court properly admitted evidence of his prior conviction.

## II.

Defendant also contends that the trial court erred in ordering him to pay restitution to the police department. We agree that the award was improperly designated as restitution.

Here, in addition to a four-year term of incarceration, defendant was ordered to pay restitution to the police department in an amount equal to the expenses incurred in his extradition from another state. The amount and nature of the expenses is not in dispute. Rather, the controversy is lim-

ited to whether the court had the authority to enter such an order as "restitution."

■ We agree with defendant's contention that if a defendant is sentenced to incarceration, the trial court cannot order restitution as a condition of parole. *People v. Walters,* 796 P.2d 13 (Colo.App.1990); *People v. Powell,* 748 P.2d 1355 (Colo.App. 1987). Rather, it is the duty of the trial court to determine the amount of restitution, if any; to order the same paid to the victim of the crime or the victim's immediate family; and to include that amount in the judgment of conviction endorsed upon the mittimus. *People v. Johnson,* 780 P.2d 504 (Colo.1989).

■ Thereafter, pursuant to § 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A), it becomes the duty of the state parole board to provide, as a condition of parole, that the offender make restitution *to the victim or the victim's immediate family.* Because the police department does not come within either of these classifications, the trial court erred in imposing this obligation upon the defendant *as restitution.*

However, § 16–11–501, C.R.S. (1986 Repl.Vol. 8A) also requires that, if a person is convicted of an offense, "the court shall give judgment in favor of the State of Colorado and against the offender for the amount of the costs of prosecution...."

Because the sum at issue here was incurred to extradite defendant to answer these charges, there can be no serious dispute that this expense was one of the costs of this prosecution. Thus, the trial court erred only in its classification of the obligation and in failing to enter the same in the form of a judgment.

Accordingly, the judgment of conviction is affirmed. That part of the sentence concerning restitution is vacated, and the cause is remanded to the trial court with directions to enter judgment in favor of the

State of Colorado for the costs of prosecution.

SMITH and ENOCH *, JJ., concur.