**STATE of Iowa, Appellee,**

v.

**Kevin TAYLOR, Appellant.**

**No. 92–1668.**

Supreme Court of Iowa.

Oct. 20, 1993.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., J. Patrick White, County Atty., and Rod Reynolds, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Kevin Taylor pled · guilty to first-degree theft and falsifying public documents under Iowa Code sections 714.2(1) and 718.5 (1991). The district court sentenced him to serve prison terms of ten and five years, respectively, but suspended the sentences and placed him on five year's probation. The issue on appeal is whether the court erred in imposing, as a condition of probation, a restitution order that included the costs of an audit. We affirm.

Taylor was the director of campus programs at the University of Iowa from 1985 to 1991. State auditors discovered altered invoices in March 1991, and a full-scale investigation followed. On April 10, 1991, Taylor and his attorney met with an independent auditor for the university and an agent of the state department of criminal investigation. Taylor admitted embezzling "around $28,000" beginning in January 1990. He offered at that time to assist in the audit, but the offer was declined.

It soon became apparent that Taylor's defalcations were complex and involved a systematic altering of cash records and vouchers for services in connection with university activities. The total amount of the thefts, and the time period over which they occurred, were not readily ascertainable. The audit, which was not completed until August 1991, revealed approximately $58,000 in losses, commencing well before 1990.

The university was charged $19,100 for the audit, but the district court concluded that twenty-five percent of the total cost was not attributable to Taylor's theft and declined to include that amount in the restitution order. The balance, $14,325, was added to the $100 deductible amount on the university's insurance policy, making a total restitution amount of $14,425.

▮ The State urges that the nature of our review is for an abuse of discretion, while Taylor argues that the standard is for errors of law. We believe the question is not whether the district court abused its discretion in ordering restitution for the audit cost, but whether the court had the statutory authority to do so. If the State had that authority, we believe the restitution order was well within the broad discretion granted to the sentencing court. *See State v. Janz,* 358 N.W.2d 547, 549 (Iowa 1984); *State v. Wagner,* 484 N.W.2d 212, 214 (Iowa App.1992).

Under our statute, a restitution order may include

> all damages to the extent not paid by an insurer, which a victim could recover against the offender *in a civil action* arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium.

Iowa Code § 910.1(2) (1991) (emphasis added). The basis of Taylor's appeal is that the audit was done in preparation for trial, merely an investigation expense, and therefore not recoverable in a civil case. Also, he argues, the cost of the audit could have been reduced if the auditor had accepted Taylor's offer of help.

The civil equivalent of a theft prosecution is an action for conversion, *Kendall/Hunt Publishing Co. v. Rowe,* 424 N.W.2d 235, 247 (Iowa 1988), so the issue in applying section 910.1(2) is whether the cost of an audit is a proper element of damage in a conversion suit.

▮ The general rule is that, in the absence of specific authority to the contrary, expenses of a civil suit are not recoverable. 89 C.J.S. *Trover & Conversion* § 175, at 650 (1955). However, in conversion cases, the reasonable and necessary expenses incurred in recovering the property are a proper element of damage. *Id.* § 174, at 650; 18 Am. Jur.2d *Conversion* § 117, at 231 (1985). In such cases, the expense of recovery is a "further pecuniary loss" recoverable under the Restatement rule. *See* Restatement (Second) of Torts § 927(2)(b) (1977).

In *General Insurance Co. v. Dyer*, 7 Wash. App. 411, 412, 499 P.2d 910, 911 (1972), a town treasurer was sued for conversion. In connection with the expense of an audit, the court stated:

> If the only damage which the town sustained by the tortious act of Ms. Dyer was the loss of the money taken, its return would satisfy her obligation and that of her surety. Costs attributable to the investigation, verification and prosecution of a tort claim are not recoverable.
>
> There was other damage, however; the integrity of the financial records of the town was destroyed by the embezzlement. According to the evidence, even though Ms. Dyer returned the sum of money which she said she had taken, the records were still unreliable because there was no way of knowing, without a complete audit, whether her acknowledgment was accurate.... The rehabilitation of the records was accomplished by the additional audit, and the cost of it is compensable.

*Id.* at 911 (citations omitted).

The New Mexico Court of Appeals reached a similar result in *State v. Whitaker*, 110 N.M. 486, 797 P.2d 275 (1990). In that case, the defendant was ordered to make restitution for stolen funds and for the cost of a special audit. Whitaker, like Taylor, argued that the district court lacked authority to order restitution for the cost of the audit. However, the court stated that

> [a] reasonably foreseeable consequence of defendant's fraudulent taking of money from the county was that the county would need to conduct a thorough audit to be sure that it had uncovered all of defendant's defalcations. The expense of that audit is a direct consequence of defendant's criminal acts. Although we have found no civil case directly in point, permitting recovery for the audit in a civil action would follow from the general principle that the victim of a conversion can recover "the amount of any further pecuniary loss of which the deprivation has been a legal cause[.]" The recovery would be similar to that afforded for expenses incurred in pursuing converted goods.... So long as the audit is a reasonable at-

tempt to determine the nature and extent of losses caused by the wrongdoer, rather than an expense of trial preparation, the "success" of the audit in discovering additional losses is immaterial.

*Id.* at 495, 797 P.2d at 284 (citations omitted).

The audit in the present case was no doubt helpful in preparation for Taylor's criminal trial, but that alone does not make the expense of the audit beyond the reach of section 910.1(2) on the ground it is a litigation expense. Because we conclude that, in a civil case such expense would be a proper element of recovery, we believe the court was correct in including them in its restitution order.

**AFFIRMED.**