STATE of Iowa, Plaintiff–Appellee

v.

Anthony Dean KNUDSEN,
Defendant–Appellant.

No. 07–0248.

Court of Appeals of Iowa.

Feb. 13, 2008.

Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas Andrews, Assistant Attorney General, and Gregory M. Lievens, County Attorney, for appellee.

HEARD by SACKETT, C.J., and VOGEL and VAITHESWARAN, JJ.

VOGEL, J.

When Anthony Knudsen was charged with second-degree sexual abuse, a guardian ad litem was appointed to represent the child victim.[1] Later, Knudsen pled guilty to the reduced charge of lascivious acts with a child in violation of Iowa Code section 709.8 (2005). As part of Knudsen's sentence, he was ordered to pay restitution, which included the fee for the guardian ad litem appointed to represent his victim. On appeal, Knudsen argues the district court exceeded its authority in requiring him to pay the guardian ad litem fee. We agree, vacate this portion of his sentence, and remand.

■ We review a district court's restitution order for errors of law. *State v. Paxton,* 674 N.W.2d 106, 108 (Iowa 2004) (citing *State v. Bonstetter,* 637 N.W.2d 161, 165 (Iowa 2001)). As there is no code provision enumerating guardian ad litem fees as restitution, we must examine whether the district court had statutory authority to include the guardian ad litem fee in the restitution order. *State v. Taylor,* 506 N.W.2d 767, 768 (Iowa 1993).

■ Iowa criminal defendants who plead guilty or who are found guilty are required to make restitution "to the victims of the offender's criminal activities [and] to the clerk of court." Iowa Code § 910.2. Restitution is statutorily defined to not only include payment to a victim for the victim's pecuniary damages, but also payment to the clerk of court for

fines, penalties, and surcharges, the contribution of funds to a local anticrime organization which provided assistance to law enforcement in an offender's case, the payment of crime victim compensation program reimbursements, payment of restitution to public agencies pursuant to section 321J.2, subsection 9, paragraph "b," court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender.

Iowa Code § 910.1(4). Because both parties agree[2] that the guardian ad litem fee does not fall within the "payment to the clerk of court" provision of this code section, the guardian ad litem fee must fall within the "payment to a victim" section in order for the restitution order to be a legal sentencing provision. Iowa Code § 910.1(4). In this case, because it was required to provide a guardian ad litem for the child victim under section 915.37, the State asserts it was a victim entitled to restitution by the defendant.

■ To determine if restitution is required in any given case, the district court must first identify the victim(s) of the defendant's criminal conduct. *Bonstetter,* 637 N.W.2d at 165. A victim is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(5); *see also* Iowa Code § 4.1(20) (defining a person as "an individual, corporation, limited liability company, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, or any other

---

1. Pursuant to Iowa Code section 915.37 (2005), a guardian ad litem was required to be appointed to represent the child prosecuting witness.

2. The State made this concession at oral argument.

legal entity"). Pecuniary damages are damages a victim could recover from the defendant in a civil action. Iowa Code § 910.1(3). Next, the district court must determine what losses may be included in the calculation of restitution. *Bonstetter,* 637 N.W.2d at 165. A restitution order may include any damages that are causally related to criminal activities and the order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act. *Id.*

■ The State points to several cases where the State (or another governmental subdivision) was found to be a victim and entitled to restitution. We note, however, in these cases the State suffered a direct economic loss as a result of the crime. *See, e.g., State v. Tesch,* 704 N.W.2d 440, 452 (Iowa 2005) (finding the State and an individual were both victims where the defendant destroyed traffic warning devices that resulted in the individual's injury); *Taylor,* 506 N.W.2d at 768 (Iowa 1993) (requiring the defendant to pay for the cost of an audit when the defendant embezzled money from a State university); *State v. Wagner,* 484 N.W.2d 212, 214 (Iowa Ct.App.1992) (requiring the defendant to pay restitution for damage to a prison caused during a riot). Damages that are a direct result of the defendant's criminal act must be distinguished from the expenses associated with the prosecution of the defendant for the criminal act. Prosecution costs are not recoverable in a civil action, and therefore cannot be included in a restitution order. Iowa Code § 910.1(3); *Taylor,* 506 N.W.2d at 769 (discussing that prosecution costs cannot be included in a restitution order because they are not recoverable in a civil suit). In the present case, the State did not incur the guardian ad litem fee as a result of Knudsen's criminal conduct, but rather as a result of prosecuting Knudsen for that criminal conduct.

The State next cites to the statutory definition of "pecuniary damages," which includes "expenses incurred for psychiatric or psychological services or counseling or *other counseling* for the victim which became necessary as a direct result of the criminal activity." Iowa Code § 910.1(3) (emphasis added). It attempts to tie the "other counseling" phrase to guardian ad litem fees, asserting that Knudsen should "bear the cost of protecting his victim from further injury during his prosecution." While that sentiment may be a logical extension of the statute had the victim incurred the costs, the prosecution of this type of case is clearly not so designed. Under Iowa Code section 915.37, the child witness "is entitled to have the witness's interests represented." It is a cost of prosecution borne by the State, which cost could not be shifted to a child victim. *See State Public Defender v. Iowa District Court,* 644 N.W.2d 354, (Iowa 2002) (finding that a guardian ad litem appointed pursuant to 915.37 is to be paid by the State under section 815.10, which authorizes legal assistance for indigent persons involved in criminal or juvenile proceedings). Therefore, the guardian ad litem fee is the resulting cost of the State prosecuting Knudsen as opposed to pecuniary damages incurred by his victim.

■ Nonetheless, the State argues that the restitution statute broadly defines criminal restitution and we should therefore allow for non-enumerated examples of restitution. *See State v. Izzolena,* 609 N.W.2d 541, 545 (Iowa 2000) (discussing the comprehensive scheme for restitution set forth in Iowa Code ch. 910). In this case we do not believe the restitution statute is broad enough to include this guardian ad litem fee. *See Bonstetter,* 637 N.W.2d at 166 ("The restitution statute in

Iowa Code chapter 910 is a penal statute and must be interpreted strictly."). To broaden the statute to include guardian ad litem fees for a child victim in restitution orders is a legislative function. *See State v. Monroe,* 236 N.W.2d 24, 36 (Iowa 1975) ("If changes in a law are desirable from a standpoint of policy or mere practicality, it is for the legislature to enact them, not for the court to incorporate them by interpretation.").

We conclude that the State in this case is not the victim within the purview of Iowa Code § 910.2. Because the restitution statute does not explicitly provide for the repayment of guardian ad litem fees for a child victim, we find no authority to require Knudsen to pay the fee he was ordered to pay. *See* Iowa Code § 910.1(4) (defining restitution as a victim's pecuniary damages and other enumerated costs that do not include guardian ad litem fees);

*Bonstetter,* 637 N.W.2d at 166 (stating the "district court is confined to the statute in determining what damages to include in the restitution order"); *Woodbury County v. Anderson,* 164 N.W.2d 129, 133 (Iowa 1969) (holding the court has no authority to award costs against a defendant without statutory authorization).

Accordingly, we vacate the part of the sentencing order requiring payment of the guardian ad litem fee and remand for the district court to enter an order consistent with this opinion.

**SENTENCE VACATED IN PART AND REMANDED.**