**STATE of Iowa, Plaintiff–Appellee,**

v.

**Anthony Jerome WATSON, Defendant–Appellant.**

No. 10–0476.

Court of Appeals of Iowa.

Feb. 9, 2011.

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Janet M. Lyness, County Attorney, and Anne M. Lahey, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and VOGEL and VAITHESWARAN, JJ. TABOR, J., takes no part.

VAITHESWARAN, J.

Anthony Watson was found guilty of third-degree sexual abuse. As part of his sentence, he was ordered to pay the clerk of court restitution for court costs. These

costs included transportation expenses of $400 incurred by the Johnson County Sheriff in extraditing Watson from Illinois.

 The sole issue on appeal is whether the taxation of these extradition costs as restitution was authorized by statute. As Watson is challenging the court's authority to impose this component of his sentence, our review is for errors of law. *State v. Taylor*, 506 N.W.2d 767, 768 (Iowa 1993) ("[T]he question is not whether the district court abused its discretion in ordering restitution for the audit cost, but whether the court had the statutory authority to do so.").

 Criminal restitution is a creature of statute. *Woodbury County v. Anderson*, 164 N.W.2d 129, 133 (Iowa 1969); *State v. Tutor*, 538 N.W.2d 894, 896 (Iowa Ct.App. 1995). The applicable statute is Iowa Code chapter 910 (2009). *See generally State v. Jenkins*, 788 N.W.2d 640, 643–44 (Iowa 2010) (summarizing history of criminal restitution and statutory framework). Under this chapter, criminal restitution includes payment to the clerk of court for

> fines, penalties, and surcharges, the contribution of funds to a local anticrime organization which provided assistance to law enforcement in an offender's case, the payment of crime victim compensation program reimbursements, payment of restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "b", court costs including correctional fees approved pursuant to section 356.7, [and] court-appointed attorney

fees ordered pursuant to section 815.9, including the expense of a public defender.

Iowa Code § 910.1(4). Watson argues that "[e]xtradition costs are not specifically listed" in this provision and, accordingly, are not authorized as restitution. The State counters that extradition costs are subject to restitution as "court costs including correctional fees approved pursuant to section 356.7." The State's argument is not supported by our legislative scheme.

Iowa Code chapter 910 does not define "court costs." Although the general statute on costs enumerates certain costs that shall be taxable,[1] our supreme court has stated this statute "provides authority for taxing costs in civil cases only." *City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 674 (Iowa 1978). Nor does the chapter governing costs in criminal cases define "court costs." The statute authorizes the assessment of various types of fees and costs, including sheriffs' fees for delivering and transferring defendants under specified circumstances not applicable here.[2] But it says nothing about extradition costs.

We turn to the statutes governing extradition. *See* Iowa Code chs. 818, 820. Both statutes address extradition expenses. *See id.* §§ 818.16 (stating expenses incurred in extradition shall be assessed to the governmental unit of the demanding state seeking the return of the fugitive, including fees paid to the officers of the

---

1. Iowa Code section 625.14 states:

 The clerk shall tax in favor of the party recovering costs the allowance of the party's witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow.

2. Iowa Code section 815.8 states:

 For delivering defendants under the change of venue provisions of rule of criminal procedure 2.11 or transferring arrested persons under section 804.24, sheriffs are entitled to the same fees as are allowed for the conveyance of persons to institutions under section 331.655.

asylum state "and all necessary and actual traveling expenses incurred in returning the prisoner"), 820.24 (stating the expenses incurred for extraditing a defendant "shall be paid out of the state treasury" when the punishment of the crime is confinement in the penitentiary and "in all other cases they shall be paid out of the county treasury in the county wherein the crime is alleged to have been committed"). Neither statute addresses whether these costs can be recovered from a defendant as restitution.

In sum, the term "court costs" as used in the restitution statute is not defined as including extradition costs. And, in other contexts, the legislature has not defined court costs to include the costs of extradition.

This does not end our inquiry because, as the State correctly points out, the restitution statute allows the taxation of "correctional fees approved pursuant to section 356.7." Among the correctional fees authorized by section 356.7 are "the actual administrative costs relating to the arrest and booking of that prisoner." Iowa Code § 356.7(1). The phrase "administrative costs relating to the arrest and booking of a prisoner" is defined as

those functions or automated functions that are performed to receive a prisoner into jail or a temporary holding facility including the following:

a. Patting down and searching, booking, wristbanding, bathing, clothing, fingerprinting, photographing, and medical and dental screening.

b. Document preparation, retrieval, updating, filing, and court scheduling.

c. Warrant service and processing.

d. Inventorying of a prisoner's money and subsequent account creation.

e. Inventorying and storage of a prisoner's property and clothing.

f. Management and supervision.

*Id.* § 356.7(7). Extradition costs are not expressly included in this provision. While they arguably could fall under "[w]arrant service and processing" our reading of the entire provision leads us to conclude that the legislature did not intend this language to include the recoupment of transportation costs attendant with the service of an extradition warrant.[3]

■ First, section 356.7(7) addresses "administrative" costs. This term connotes bookkeeping or ministerial functions. *See* Black's Law Dictionary 42 (5th ed.1979). The outlined examples in that subsection, such as inventorying property and commencement of booking procedures, are different in kind from other costs enumerated in section 356.7, such as the taxation of room and board to the prisoner. *See* Iowa Code § 356.7(1). Second, a separate statute that sets fees a sheriff may collect does not authorize the sheriff or the court to collect those fees from a convicted defendant. *See id.* § 331.655(1) (prescribing fees the sheriff may collect for the sheriff's performance of a variety of functions, including serving notices, warrants, and subpoenas, transporting "persons by auto to a state institution or any other destination required by law," and delivering prisoners under a change of venue). For these reasons, we conclude the reference to "correctional fees approved pursuant to section 356.7" does not authorize the recoupment of transportation costs associated with the extradition of a defendant.

3. In this case, an arrest warrant was issued by the Johnson County Clerk of Court. On the same date, a "waiver of extradition" signed by Watson and a circuit court judge in Cook County, Illinois, was filed. Under the waiver of extradition, Watson gave up his right to demand the issuance and service of an extradition warrant.

Our reading of Iowa case law on the scope of chapter 910 supports our conclusion. *See State v. Bonstetter,* 637 N.W.2d 161 (Iowa 2001); *State v. Knudsen,* 746 N.W.2d 608 (Iowa Ct.App.2008).

In *Bonstetter,* the defendant sought an offset to restitution for the amount the victim owed him. 637 N.W.2d at 164. The court began by noting the "restitution statute in Iowa Code chapter 910 is a penal statute and must be interpreted strictly." *Id.* at 166. The court continued, "[A]ny other types of damages not outlined in the statute are not recoverable." *Id.* at 167 (utilizing the maxim of statutory construction, *inclusio unius est exclusio alterius,* which means the "inclusion of one is the exclusion of the other"). Based on these principles, the court rejected the defendant's request for offset. *Id.*

In *Knudsen,* this court was asked to decide whether the district court exceeded its authority in ordering restitution of a guardian ad litem fee. 746 N.W.2d at 609. We rejected the State's argument "that the restitution statute broadly defines criminal restitution and we should therefore allow for non-enumerated examples of restitution." *Id.* at 610. We concluded the restitution statute was not broad enough to include the guardian ad litem fee. *Id.*

Because no statute expressly authorizes the taxation of extradition costs against Watson, we conclude the district court erred in including as restitution the cost of transporting Watson from Illinois to Iowa.

Statutes and case law from other jurisdictions support our conclusion. *See, e.g., People v. Bratcher,* 149 Ill.App.3d 425, 102 Ill.Dec. 853, 500 N.E.2d 954, 959 (1986) (rejecting argument (before statutory amendment) that extradition expenses may be imposed as costs of prosecution); *State*

*v. Wildman,* 296 N.J.Super. 565, 687 A.2d 340, 342 (N.J.Super.Ct.App.Div.1997) (refusing to allow recovery of extradition costs from defendant in absence of statutory authorization); *People v. Pelkey,* 63 A.D.3d 1188, 1191, 879 N.Y.S.2d 842 (N.Y.App.Div.2009) ("Extradition costs are normal operating costs of the law enforcement agency—which is not considered a 'victim' of defendant's crime—and, therefore, are not ordinarily part of restitution."). As the court stated in *Bratcher,* "The rule that statutory provisions providing for the recovery of costs must be strictly construed would be significantly strained were we to rely upon [the cited statute]." 102 Ill.Dec. 853, 500 N.E.2d at 959.

We recognize that some jurisdictions have allowed the taxation of extradition costs as prosecution or court costs. *See, e.g., State v. Balsam,* 130 Ariz. 452, 636 P.2d 1234, 1235 (Ariz.Ct.App.1981) (finding sum expended to send a deputy sheriff to Ohio, where defendant was arrested, and bring him back to Arizona for prosecution was a prosecution cost); *People v. Lemons,* 824 P.2d 56, 58 (Colo.App.1991) (holding extradition cost was recoverable from defendant as a cost of prosecution, but not as restitution); *Maroney v. State,* 849 N.E.2d 745, 749 (Ind.Ct.App.2006) (concluding extradition expenses are "costs" that may be retained from a defendant's bond deposit following conviction); *Commonwealth v. Coder,* 490 Pa. 194, 415 A.2d 406, 409 (1980) (interpreting statute providing for recoupment from defendant of prosecution costs as encompassing cost of extradition); *State v. Ryyth,* 626 N.W.2d 290, 293 (S.D.2001) (holding extradition costs were costs incurred in prosecution and therefore recoverable from defendant).[4] We find these cases distinguishable.

4. Other states, as noted by the court in *Ryyth,* 626 N.W.2d at 293, "expressly provide by

In *Balsam*, the defendant pled guilty to a crime and was placed on probation subject to the condition that he reimburse the State for extradition costs. 636 P.2d at 1235. The court noted the defendant did not object to this condition, and the district court had discretionary authority to impose it. *Id.* The court distinguished this situation from a prior opinion finding no authority to require reimbursement of extradition costs as part of a defendant's sentence. *Id.* (citing *State v. Gelden*, 126 Ariz. 232, 613 P.2d 1288 (Ariz.Ct.App. 1980)).[5] In *Lemons*, the court concluded extradition expenses could be awarded as a cost of prosecution but not as restitution. 824 P.2d at 58. The court in *Maroney* similarly held extradition expenses are "costs" that may be retained from a defendant's bond deposit but concluded the costs were not restitution. 849 N.E.2d at 749 (citing *Vestal v. State*, 745 N.E.2d 249, 253 (Ind.Ct.App.2001) *vacated in part on other grounds by Vestal v. State*, 773 N.E.2d 805 (Ind.2002)). And, in *Coder*, the court allowed the payment of extradition costs as a cost of prosecution but relied on a statute that broadly stated, "[I]n all cases of conviction of any crime, all costs shall be paid by the party convicted." 415 A.2d at 408–09. Finally, in *Ryyth*, the court held "monies expended to return a defendant to this state for prosecution are recoverable from the defendant as prosecution costs" but, again, the court relied on a broadly-worded statute that stated, "In all criminal actions, upon conviction of the defendant, the court may adjudge that *the defendant pay the whole or any part of the costs of that particular prosecution* in addition to the liquidated costs provided by § 23–3–52." 626 N.W.2d at 292–93.

Our statute on the payment of prosecution costs is not as broad. *See* Iowa Code § 815.13. It only authorizes the recovery of witness fees and mileage in criminal actions prosecuted under county or city ordinances. *Id.*

As the district court was not authorized to order Watson to pay the costs incurred by the Johnson County Sheriff in transporting him from Illinois to Iowa, we vacate that portion of the court's sentencing order and remand for the district court to enter an order consistent with this opinion. *See Knudsen*, 746 N.W.2d at 611.

**SENTENCE VACATED IN PART AND REMANDED.**

---

statute for payment by defendant of extradition costs as a cost of prosecution." *See, e.g., People v. Johnson*, 175 Ill.App.3d 908, 125 Ill.Dec. 469, 530 N.E.2d 627, 634–35 (1988) (discussing amendment by legislature to supersede earlier court decision that interpreted statute to preclude recovery of extradition costs as prosecution costs); *State v. Garrett*, 14 Kan.App.2d 8, 780 P.2d 168, 169 (1989); *State v. Lopez–Solis*, 589 N.W.2d 290, 292 (Minn.1999); *Wickert v. Wash. State Bd. of Prison Terms & Paroles*, 13 Wash.App. 917, 538 P.2d 826, 828 n. 1 (1975); *State v. Perry*, 215 Wis.2d 696, 573 N.W.2d 876, 882 (Wis. Ct.App.1997).

5. The Arizona legislature later broadened the statute to allow for the reimbursement of extradition costs. *See State v. Maupin*, 166 Ariz. 250, 801 P.2d 485, 488 (Ariz.Ct.App.1990).