**IN THE COURT OF APPEALS OF IOWA**

No. 14-1735
Filed November 12, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAWSON KYLE DAVENPORT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Robert E. Sosalla,

Judge.

        Dawson Davenport appeals from his conviction and sentence for domestic

abuse assault causing bodily injury, third or subsequent offense.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee.

        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, Presiding Judge.**

Dawson Davenport appeals his conviction and sentence for the crime of domestic abuse assault causing bodily injury, third or subsequent offense. He argues his stipulation to the third-offense sentencing enhancement was unknowingly and involuntarily made and therefore void. In the event we find he failed to preserve error on this issue, he asserts the issue by way of an ineffective-assistance-of-counsel claim. Davenport also contends the district court entered an illegal sentence in taxing to him all court costs in the action rather than only those court costs associated with the one offense for which he was convicted. We affirm.

### I. Background Facts and Proceedings.

In April 2013, Davenport was charged by trial information with two counts of domestic abuse assault, in violation of Iowa Code section 708.2A (2013). More specifically, count I asserted that the assault was a third or subsequent offense, in violation of section 708.2A(4), and count II asserted that the assault was a strangulation with bodily injury, in violation of section 708.2A(4A).[1] Prior to trial, the State amended, with the court's approval, the count I domestic abuse assault charge to include bodily injury as an element, and it dismissed count II.

A jury trial was held thereafter, and Davenport was found guilty of domestic abuse assault causing bodily injury. The court then addressed the third or subsequent offense element with Davenport, explaining the State was asserting Davenport's 2004 and 2007 domestic-abuse-assault convictions as the underlying basis for the third or subsequent offense enhancement. On the

---

[1] The Iowa Code Editor has since renumbered section 708.2A(4A) as 708.2A(5).

record, Davenport admitted those prior domestic abuse assault convictions, and the court entered judgment against Davenport as charged in count I of the trial information.

After a short break, Davenport's trial counsel told the court Davenport wished to proceed with sentencing that day, noting counsel had "advised him of the rights he gives up in requesting immediate sentencing." The court then conducted the following colloquy with Davenport:

> THE COURT: I need to tell you with respect to that if we proceed to sentencing now, there are additional rights that you have that you would be giving up. For one thing, you have a right to have a presentence investigative report prepared before sentencing to be submitted to the judge and the judge would take it into consideration in terms of determining the appropriate sentence under the circumstances. Also, you have a right to file a motion in—for a new trial. If you wanted to challenge any of the aspects of the trial that you feel were not conducted fairly or properly, in order for you to do that, you would have to file that motion within forty-five days of the entry of the verdict, which would be today. But also at least five days before the date set for the pronouncement of judgment, which would also be now, today, if you want to proceed immediately to sentencing. That means it would be impossible for you to file that motion on time. So you're giving up your right to file a motion for new trial. Do you understand that?
> (A discussion was held between [Davenport and his attorney] at this time.)
> MR. DAVENPORT: I understand, okay.
> THE COURT: You understand that you would be giving that right up, Mr. Davenport?
> MR. DAVENPORT: Yes.
> THE COURT: And that's agreeable with you?
> MR. DAVENPORT: Yes.
> THE COURT: Then you also have a statutory right to delay the sentencing if you want to. Do you understand if we proceed to sentencing now, you will be giving that right up as well?
> MR. DAVENPORT: Yes.
> THE COURT: This is a decision you've made after consulting with [your attorney]?
> MR. DAVENPORT: Yes.
> THE COURT: And it's knowing and voluntary on your part?
> MR. DAVENPORT: Yes.

> THE COURT: No one has forced you to do this?
> MR. DAVENPORT: Yeah.

The court then sentenced Davenport to an indeterminate sentence of incarceration not to exceed five years and a $750 fine. The court also assessed court costs against Davenport.

The same day, the court entered its written sentencing order containing the above stated information. It also stated Davenport "waived the . . . right to file a motion in arrest of judgment . . . ." It again ordered Davenport to pay "all applicable surcharges and court costs."

Davenport now appeals.

## II. Discussion.

On appeal, Davenport argues his stipulation to the third-offense sentencing enhancement was unknowingly and involuntarily made and therefore void, but should we find the issue was not preserved for our review, he alternatively asserts the issue can be addressed under the ineffective-assistance-of-counsel-claim framework. Davenport also contends the district court entered an illegal sentence in taxing to him all court costs in the action rather than only those court costs associated with the one offense for which he was convicted. We address his arguments in turn.

### A. Third-Offense Sentencing Enhancement.

Iowa Rule of Criminal Procedure 2.19(9), which governs the trial of questions involving prior convictions, specifically provides:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the

opportunity *in open court to affirm or deny that the offender is* the person previously convicted, or that the offender was not represented by counsel and did not waive counsel. *If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted*. Other objections *shall be heard and determined by the court*, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11. On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, *or if the offender acknowledged being such person, the offender shall be sentenced as prescribed in the Code*.

(Emphasis added.) This rule "gives the defendant an opportunity to affirm or deny the allegations the State is obligated to prove at the second trial." *State v. Kukowski*, 704 N.W.2d 687, 692 (Iowa 2005). If the defendant in open court "affirms the validity of the prior convictions, then the case proceeds to sentencing." *Id.* But the case will proceed to a second trial if the defendant in open court "denies 'being the person previously convicted' or asserts that the prior convictions were obtained without counsel and counsel was not waived, then the case proceeds to the second trial." *Id.* (quoting rule 2.19(9)). If the defendant makes such denials, the rule "requires the State to prove that [the defendant] was the same individual convicted in the prior proceeding and that he was represented by counsel at the prior proceeding." *State v. Long*, 814 N.W.2d 572, 584 (Iowa 2012).

In *Kukowski*, the Iowa Supreme Court was faced with a trial court's interpretation of rule 2.19(9) as requiring a defendant to personally admit or deny his prior convictions. 704 N.W.2d at 690-92. In that case, Kukowski argued his admission of a prior conviction was flawed because the court failed to engage in

a colloquy with him to ensure his admission was voluntarily and knowingly made, among other things. *See id.* at 690. In its opinion on the issue, the supreme court stated:

> An affirmative response by the defendant under the rule, however, does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender. The court has a duty to conduct a further inquiry, similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent.
>
>   . . . .
>
>   Notwithstanding, even if an abuse of discretion is found, reversal is required only when the abuse is prejudicial. An abuse is prejudicial when the rights of the defendant have been injuriously affected or the defendant has suffered a miscarriage of justice. In this case, the only evidence the district court relied on to find Kukowski was convicted of driving under the influence in 1995 was Kukowski's admission. If the court had accepted defense counsel's earlier denial of the prior convictions, then there would have been no other evidence before the court to support the prior conviction at issue. Thus, the error was clearly prejudicial.

*Id.* at 692-94 (alterations, internal citations, and quotation marks omitted).

Davenport relies on *Kukowski* for the proposition that the court was required to conduct a more detailed colloquy with him, similar to the colloquy required under rule 2.8(2), to ensure his affirmation was voluntary and intelligent.[2]  However, he does not assert any claim of prejudice, unlike *Kukowski*. *See id.* Consequently, even assuming without deciding the trial court abused its discretion in not conducting a more detailed colloquy as contemplated in *Kukowski*, reversal is not required because there has been no showing of prejudice. *See id.*

---

[2] The State asserts Davenport did not preserve the matter for review. Bypassing the error preservation concern, we address the issue on its merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

Here, the minutes of testimony specifically set forth details of Davenport's prior felony convictions on which the State intended to rely to support the enhancement, including case numbers, dispositions, and dates of the convictions, as well as listing as witnesses the county clerks of court that had care, custody, and control over the conviction records, and stating certified copies of the court records and documents would be offered into evidence to establish Davenport's prior convictions. Clearly Davenport had notice of the convictions on which the State intended to rely, and Davenport has never claimed he is not the person previously convicted in those convictions, nor has he asserted he was not represented by counsel and did not waive counsel in those cases. *See* Iowa R. Crim. P. 2.19(9). The State was ready and able to prove-up his prior convictions, and consequently, Davenport has failed to establish the requisite prejudice to warrant reversal. *See State v. McBride*, 625 N.W.2d 372, 375 (Iowa Ct. App. 2001) (finding absence of prejudice based on disclosure in minutes of testimony and defendant's admission); *State v. Vesey*, 482 N.W.2d 165, 168 (Iowa Ct. App. 1991) (finding no prejudice where "[t]he defendant admitted to what the state was ready and able to prove. . . . The State had the ability to prove all the facts necessary to show the defendant's habitual offender status"); *see also, e.g.*, *State v. Braden*, No. 13-2014, 2015 WL 359454, at *3 (Iowa Ct. App. Jan. 28, 2015) (finding no prejudice where State was "prepared to offer appropriate testimony proving the prior convictions"); *State v. Doty*, No. 14-0249, 2014 WL 5249761, at *3 (Iowa Ct. App. Oct. 15, 2014) (finding no prejudice); *State v. Lipsey*, No. 13-1062, 2014 WL 3931434, at *3 (Iowa Ct. App. Aug. 13, 2014) (same); *but see State v. Patrick*, No. 13-1575,

2015 WL 5278911, at *3 (Iowa Ct. App. Sept. 10, 2015) (preserving ineffective-assistance-of-counsel claim alleging inadequate rule 2.19(9) colloquy for possible postconviction-relief proceedings); *State v. Seals*, No. 12-2181, 2013 WL 5951307, at *2 (Iowa Ct. App. Nov. 6, 2013) (same).  Accordingly, we affirm on this issue.

### B. Illegal Sentence.

Davenport also argues the court entered an illegal sentence when it required him to pay as restitution court costs in the action without specifying he was only responsible for the costs associated with count I.  We review both restitution orders and illegal-sentence claims for correction of errors at law.  *See State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014); *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013).

"Criminal restitution is a creature of statute."  *State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011).  A defendant is responsible for court costs associated with the particular charge to which he pleads or is found guilty.  Iowa Code § 910.2.  Additionally, Iowa Code section 910.1(4) identifies court costs as a form of restitution.  However, this section only applies to "criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered."  *Id.* § 910.2(1); *see also State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (stating "only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan").

Here, the State points out that the court's order did not specifically require Davenport to pay costs related to the dismissed charge.  Rather, it ordered

Davenport to pay all "applicable" court costs, and it directed the Department of Corrections to determine the appropriate amount of court costs owed by Davenport pursuant to Iowa Code chapter 910. Iowa Code section 910.3 permits the court to determine the amount of restitution due at a later time if the full amount of restitution cannot be determined at the time of sentencing.

Here, we do not have a final payment plan before us that has assessed any inappropriate costs to Davenport. Nor do we have an approved restitution order requiring Davenport to pay any costs related to count II, which was dismissed by the State. Accordingly, we conclude that at the present time the court's restitution order was not contrary to law, and therefore, it was not entered in error.

### III. Conclusion.

For the forgoing reasons, we affirm Davenport's conviction and sentence for domestic abuse assault causing bodily injury, third or subsequent offense.

**AFFIRMED.**