**IN THE COURT OF APPEALS OF IOWA**

No. 15-0589
Filed December 9, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**THOMAS EDWARD JENKINS SR.,**
          Defendant-Appellant.
_____


          Appeal from the Iowa District Court for Scott County, Stuart P. Werling
(plea) and Marlita A. Greve (sentencing), Judges.


          Thomas Jenkins Sr. appeals from his sentence following his guilty plea to
two counts of second-degree sexual abuse. **SENTENCE VACATED AND CASE
REMANDED FOR RESENTENCING.**


          Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant
Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, Kevin Cmelik and Louis Sloven,
Assistant Attorneys General, for appellee.


          Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Thomas Jenkins Sr. appeals from his sentence following his guilty plea to two counts of second-degree sexual abuse. He contends the sentencing court considered impermissible factors in ordering the count 1 and count 2 sentences to be served consecutively rather than concurrently. He also asserts the sentence entered was illegal because the court taxed to him "the costs of the entire action, rather than only the costs associated with the convicted counts." We vacate the sentence and remand for resentencing before a different judge.

### I. Background Facts and Proceedings.

Jenkins was charged by trial information in 2014 with three criminal counts of second-degree sexual abuse, asserting he committed three separate sex acts against a child under the age of twelve, in violation of Iowa Code section 709.3(2) (2011).[1] In 2015, Jenkins pled guilty pursuant to a plea agreement. The State agreed to dismiss count 3 in exchange for Jenkins's guilty plea to counts 1 and 2. The plea was "open as to whether the sentences [would] run consecutively or concurrently." As part of the agreement, Jenkins admitted "the incidents underlying these pleas are separate and distinct acts."

At the subsequent sentencing hearing, the State recommended the court order Jenkins to serve his sentences consecutively. The prosecutor stated:

> Looking through his previous history, he has been on probation before and his probations were revoked for non-compliance. He has an indecent contact with a child from April of 2013. Subsequent to that, he had a sex offender registry violation in July of 2014. And it was during the pendency of the previous

---

[1] Section 709.3 was renumbered in 2013, and the "under the age of twelve" element is now found at section 709.3(1)(b). *See* 2013 Iowa Acts ch. 90, § 228.

indecent contact with a child that it would appear that this current case occurred in which he sexually abused an eight-year-old girl.

And in looking at the presentence investigation [(PSI)], there's almost an air of nonchalance about his rendition or speaking about what had occurred. It's almost unimportant. The—It appears from his statements and his prior record that he's likely to offend again if and when released.

In response, Jenkins's attorney requested the court order his sentences be served concurrently, stating, among other things:

I will certainly not try to minimize at all the seriousness of . . . this offense because it is an extremely serious offense and I agree with [the prosecutor] in that regard. I do believe that this is a twenty-four-year-old man who aside from the indecent contact in this offense had very little criminal record. That does not excuse this offense.

To [Jenkins's] credit, he has not attempted to minimize that offense. He was up front with the police when he was interviewed. He did not try to disguise the offense. He, in his interview, described his—his interaction with the police that were interviewing him as cathartic, that it had been weighing on him for some time. He realizes that he has a problem and he needs to deal with that problem.

He should be punished and he should be punished severely for this offense. And I would probably agree with [the prosecutor], except for the mandatory minimum sentences, no matter what this court does, Mr. Jenkins will be in prison for seventeen and a half years. I believe that does give him a chance at rehabilitation and still does inflict a punishment or at least the punishment that should be inflicted for these offenses.

Because of those mandatory minimums, I would ask the court to run these sentences concurrently to give Mr. Jenkins a chance to perhaps rehabilitate. Even if he is released at the end of those sentences, he's going to be subject to lifetime parole and all the other restrictions of a sex offender and it will give him a chance to rehabilitate and go through the sex offender treatment program, which as I understand it he's scheduled to start very shortly as he is in Mount Pleasant at the present time. So for those reasons, I'd ask the court to consider running these sentences concurrently.

Thereafter, the parties' counsels clarified for the court that Jenkins's plea was to touching one child, not two, in two separate acts. In ordering Jenkins's sentences be served consecutively, the court explained:

Well, my job is to look at these cases and determine an appropriate sentence. I am bound by what the law requires that I do in certain cases. I look at the least restrictive going to the worst.

Mr. Jenkins, the two crimes that you pled guilty to are what are called forcible felonies and have mandatory prison time required as well as a minimum sentence under 902.12, which provides that you have to serve at least 70 percent of the maximum time. You have pled guilty to two separate class "B" felonies. A class "B" felony means that you can be put into prison for a period not to exceed twenty-five years. So that does mean that you have to serve seventeen-and-a-half years before you would have served your 70 percent.

That is not discretionary on my part. And frankly even if it were, that would be the same sentence that I would give you for these types of acts which were simply horrendous. You have basically hurt, and I say that in a very plain way, you hurt a child in a sexual manner, and that child in seventeen and a half years is not going to be over that hurt. That child will not be over that hurt in thirty-five years or one hundred and thirty-five years. This is the type of thing that people never get over.

I can tell you about having jury trials of these types of cases where we individually interview potential jurors to see if they can even hear this kind of a case, and on several different occasions, I have had potential jurors break down and be almost hysterical because it's the first time they've had to admit to someone that this type of thing happened to them as a child. And there—it never goes away. Never.

To your credit, you pled guilty. You are not making this little girl go through a trial. But by the same token, I'm very concerned because these types of acts are so horrendous and leave such a lifetime of hurt for a child that they certainly deserve to be punished. There is a need for us to have the community understand that this type of behavior will be punished. There is a need for you to be punished because of it and to receive whatever treatment you can. And I think that the community needs to be protected from your acts for as long as is possible.

Because we have two separate and distinct acts, each of those acts, in my mind, deserves a sentence. And I'm going to run them consecutive for that reason. This is not a one-time thing. This happened on two separate distinct times. If you had any remorse or if you had any willingness to stop, it would have only happened once, and it did not. So this little girl is going to suffer for the rest of her life based on the acts that you committed.

I can tell you . . . I was shocked when I read your rendition of the version in the PSI. I have never seen something put in such blunt and vulgar terms as what you put in there. In my mind, these

charges, as [the prosecutor] said, if they don't deserve consecutive, I don't know what would.

Taking into account what I read in the [PSI], the nature of this—these crimes, the fact that you have a criminal history which includes indecent contact with a child, that probation has been revoked because you, obviously, did not even register correctly or didn't register when you were supposed to as a sex offender, all of those things are going into account as well as what I just stated as far as my reasons for sentencing.

Pursuant to your pleas of guilty to the charges of sex abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) under Counts 1 and 2, and as provided by sections 902.3 and 902.9 of the Iowa Code, it is the judgment and sentence of this court that you be committed to the custody of the Iowa Department of Corrections for a period not to exceed twenty-five years on each of these counts. I am running them consecutive for the reasons I stated on the record.

The same day the court filed its written order sentencing Jenkins to two consecutive terms of incarceration not to exceed twenty-five years on each count. The court ordered Jenkins "to make restitution for court costs and surcharges, if any." Thereafter, Jenkins was assessed court costs of $180: $100 for the case filing and docketing fee, $40 court reporter fee for the February 13, 2015, guilty-plea proceeding, and $40 court reporter fee for the April 2, 2015, sentencing hearing.

Jenkins now appeals. He contends the sentencing court abused its discretion because it considered information outside the case record and relied on an erroneous belief that the acts happened "two separate distinct times." He also asserts the sentence entered was illegal because it taxed to him "the costs of the entire action, rather than only the costs associated with the convicted counts."

## II. Discussion.

### A. Improper Considerations.

Jenkins asserts the court's statement that this "happened on two separate distinct times" is erroneous and therefore an impermissible factor, because its use of the word "times" indicates the court believed the crimes to which he pled guilty were "committed at *temporally* separate and distinct times—that is, that [Jenkins] abused the child on more than one occasion."

"The law is clear regarding consideration of impermissible sentencing factors. We will not vacate a sentence on appeal unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Lovell*, 857 N.W.2d 241, 242-43 (Iowa 2014) (citation and internal quotation marks omitted). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995) (citation and internal quotation marks omitted); *see also* Iowa Code § 907.5(1).

It is also well-established that, in exercising its discretion, a sentencing court may not rely upon additional, unproven, and unprosecuted charges or facts "unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013) (citation and internal quotation marks omitted); *see also State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). When a defendant challenges the

sentence on this basis, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). The sentencing court can consider only those facts contained in the minutes of testimony "that are admitted to or otherwise established as true." *Lovell*, 857 N.W.2d at 243. Similarly, the "district court is free to consider portions of a [PSI] that are not challenged by the defendant." *Grandberry*, 619 N.W.2d at 402. We will not infer the court considered an improper factor if it is not apparent from the record. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Our goal is not to second guess the sentencing decision but to determine if the decision rests on an untenable or improper ground. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015).

Jenkins asserts the sentencing court's statement that "[t]his happened on two separate distinct times . . . indicates that the district court erroneously believed the count 1 and count 2 offenses to have been committed at *temporally* separate and distinct times—that is, that [Jenkins] abused the child on more than one occasion." To support his contention, Jenkins claims on appeal that the offenses to which he pled guilty "occurred during a single incident—that is during a single game of hide and seek." Jenkins then argues "[b]ecause the sentencing court's conclusion that the sex acts underlying the count 1 and count 2 offenses occurred at temporally separate and distinct times were neither admitted by Jenkins nor proven by the State, it was not a permissible sentencing consideration."

To put the phrase in question in context, the sentencing court said, as noted above:

Because we have two separate and distinct acts, each of those acts, in my mind, deserves a sentence. And I'm going to run them consecutive for that reason. This is not a one-time thing. This happened on two separate distinct times. If you had any remorse or if you had any willingness to stop, it would have only happened once, and it did not. So this little girl is going to suffer for the rest of her life based on the acts that you committed.

I can tell you I was—I was shocked when I read your rendition of the version in the PSI. I have never seen something put in such blunt and vulgar terms as what you put in there. In my mind, these charges, as [the prosecutor] said, if they don't deserve consecutive, I don't know what would.

In our analysis of the consideration-of-impermissible-factors issue on appeal, we are only able to look at the words used by the sentencing court. The words used by the sentencing court—"This is not a one-time thing," "This happened on two separate distinct times," and "If you had any remorse or if you had any willingness to stop, it would have only happened once, it did not"—taken in the context of the other words used by the court strongly suggests, in our minds, that the court concluded the two acts of abuse were committed upon the one victim on two separate and distinct occasions. To be fair to the sentencing court, this conclusion, while erroneous, is understandable.

We turn to the record before the sentencing court. Each count of the trial information charged that, between October 2012 and April 2013, Jenkins committed a sex act against a child under the age of twelve. The record is clear that Jenkins admitted to committing two separate and distinct acts with regard to the crimes to which he pled guilty. In the memorandum of plea agreement, signed by Jenkins, Jenkins "admits the incidents underlying these pleas are separate and distinct acts." The PSI provides no elucidation relevant to the facts at issue. During the sentencing hearing, the prosecutor and defense counsel

clarified for the court that Jenkins had pled to two separate acts concerning one victim, not two. It's no wonder the sentencing court was left with the impression that Jenkins committed the acts during separate and distinct occasions.

The sentencing court did not have the benefit of the record made at the guilty plea hearing before a different judge.[2] There, in reciting the elements of the two offenses, the plea court said, "and that you committed that act on two separate and distinct occasions. Have I correctly stated the elements of the two offenses, Mr. [Prosecutor]?" The prosecutor responded, "In this case, I believe it would be there were two separate and distinct sex acts." Defense counsel assisted the court with the factual basis. Jenkins admitted that on one day, between October 2012 and April 2013, while playing a game of hide-and-seek, he was alone "for some period of time" with the victim, and it was during that period of time he committed two separate and distinct acts of sexual abuse upon the victim. No reference was made to the minutes of testimony during the plea colloquy and Jenkins made no admissions to the factual allegations contained therein.

There is no question that Jenkins committed two separate acts of abuse upon the victim, but the acts were committed during one occasion—that is, during the one game of hide-and-seek. Without the plea record before it, the sentencing court could have reasonably believed it was considering separate and distinct episodes of sexual abuse committed by Jenkins, but the court's conclusions are not supported by the record. Its apparent misunderstanding of

---

[2] A transcript of the guilty plea hearing was not transcribed until after the notice of appeal was filed.

the facts is the equivalent to considering facts outside the record—an impermissible factor. "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *Grandberry*, 619 N.W.2d at 401. Jenkins must therefore be resentenced.

Jenkins also argues the court's reference in its sentencing statement to its experiences with potential jurors who were victims of sexual abuse reveal it improperly considered facts outside the case record. In view of our disposition of the appeal, we need not consider this argument.

### B. Illegal Sentence.

Jenkins also argues the court entered an illegal sentence when it required him to pay as restitution court costs in the action without specifying he was only responsible for the costs associated with counts 1 and 2, to which he pled guilty. Essentially, he contends he is only responsible for two-thirds of the court costs because one of the three charges was dismissed. We review both restitution orders and illegal-sentence claims for correction of errors at law. *See State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014); *State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013).

"Criminal restitution is a creature of statute." *State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011). A defendant is responsible for court costs associated with the particular charge to which he pleads or is found guilty. Iowa Code § 910.2. Additionally, Iowa Code section 910.1(4) identifies court costs as a form of restitution. However, restitution, as defined in section 910.1(4), only applies to "criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered." *Id.* § 910.2(1);

*see also State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (stating "only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"). Similarly, section 815.13 authorizes the collection of costs of a criminal prosecution from a defendant "unless the defendant is found not guilty or the action is dismissed."

Jenkins cites the Iowa Supreme Court's statement in *Petrie*, that "[f]ees and costs not clearly associated with any single charge should be assessed proportionally against the defendant," as requiring the district court to assess fees proportionally here. *See* 478 N.W.2d at 621-22. However, *Petrie* is distinguishable, in that the court only applied proportionality because it specifically found the costs in that case were not clearly associated with any single charge. *See id.* Here, the court costs assessed are clearly associated with the charges to which Jenkins pled guilty. Put another way, none of the taxed court costs were associated with the dismissed count.

The record indicates the court costs consisted of a $100 filing and docketing fee and two $40 court reporting fees, for a total of $180. The amount of the filing and docketing fee would have been the same even if the State had not charged Jenkins with a third count. The same is true for the court reporter fees assessed. Those fees were charges for the court reporter's time incurred at the plea and sentencing hearings. Those fees would have been the same even if Jenkins had not been charged with count 3. Unlike the situation in *Petrie*, the record before us shows the court costs taxed to Jenkins are clearly attributable to the charges to which Jenkins plead guilty. There is no reason to invoke

proportionality here. We agree with the State that Jenkins failed to establish the court erred in approving the restitution order or entered an illegal sentence.

### III. Conclusion.

For the foregoing reasons, we vacate Jenkins's sentence and remand the case to the district court for resentencing before a different judge consistent with this opinion.

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Tabor, J., concurs; Potterfield, P.J., dissents.

13

**POTTERFIELD, Presiding Judge.** (dissenting)

How long is a game of hide and seek?  How many criminal acts can be committed during one game?  How much time must separate two acts during one game of hide and seek to justify consecutive sentences?  The majority concludes the sentencing court acted under a misapprehension that the acts occurred at different times, "temporally."  They reach this conclusion by stretching the court's explanation at sentencing, "we have two separate and distinct acts . . . .  This happened on two separate distinct times," to indicate the court understood that Jenkins's acts occurred in two separate episodes as opposed to two separate and distinct acts during a single game of hide and seek.

A trial court "generally has discretion to impose concurrent or consecutive sentences for convictions on separate counts."  *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994).  That said, "the duty of a sentencing court to provide an explanation for a sentence includes the reasons for imposing consecutive sentences."  *Id.*; *see also State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).  Those reasons need not be detailed but must be sufficient to allow for appellate review of the discretionary action.  *Jacobs*, 607 N.W.2d at 690.  The sentencing court gave a sufficient explanation for imposing consecutive sentences.  The explanation was consistent with the facts in the record and within the range of the court's discretion.  As the majority concedes, both counsel informed the sentencing court Jenkins's plea was an admission he touched one child in two separate acts.  The plea agreement that Jenkins signed also contains his admission there were separate and distinct acts.  The majority parses the words of the sentencing court as "the equivalent to considering facts outside the

record"—a characterization based upon the majority's assumption the sentencing court considered a longer period of time between the criminal acts than actually existed.  I dissent.